UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **KEVAL HOTEL, LP** § | | |
| § | | |
| **Plaintiff,** § | CIVIL NO. 2:23-cv-00189 | |
| § | | |
| vs. § | | |
| § | | |
| **MT HAWLEY INSURANCE COMPANY** § | | |
| § | | |
| **Defendant.** § | | |

# PLAINTIFF'S SECOND AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff Keval Hotel, LP, hereinafter referred to as "Plaintiff," complaining of Mt Hawley Insurance Company, (hereinafter referred to as "MTHIC," "Insurance Company" and "Defendant,") and would show the Court and Jury the following:

## DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 pursuant to Rule 190.4, Texas Rules of Civil Procedure.

## PARTIES

2. Plaintiff, Keval Hotel, LP, operates in Bee County, Texas. Plaintiff is amending its Petition, in part, to include the proper name of the Plaintiff's entity. Authority for this portion of Plaintiff's amendment can be found in FRCP 15 and 4(m).

3. Defendant Mt Hawley Insurance Company is in the business of insurance in the State of Texas. The insurance business performed by Defendant in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance, including with the Plaintiff;

- The taking or receiving of applications for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

- is a "Domestic" company registered to engage in the business of insurance in the State of Texas. This Defendant may be served with process by in person or certified mail, return receipt requested, by serving: (1) the president, an active vice president, secretary, or attorney in fact at the home office or principal place of business of the company; or (2) leaving a copy of the process at the home office or principal business office of the company during regular business hours.

Defendant answered the Plaintiff's Frist Amended Petition on July 31, 2023.

4. Defendant Tony Avila was employed by, and serviced claims on behalf of Mt Hawley Insurance Company. Defendant has elected to accept the liability of Tony Avila as its agent.

5. Defendant Clay Hepburn was employed by Engle Martin and Associates. Defendant has elected to accept the liability of Clay Hepburn as its agent.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over Defendant because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of an insurance policy sold to provide insurance to residential homeowners and business activities in the state, including those in Bee County, Texas, with reference to this specific case. Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## FACTS

7. Plaintiff owns a hotel located at 2062 US 59, Beeville, Texas 78102 and an insurance policy, number MCP0168667 (hereinafter referred to as the "Policy").

8. Plaintiff owns the insured property, which is specifically located at 2062 US 59, Beeville, Texas 78102 (hereinafter referred to as the "Property").

9. Mt Hawley Insurance Company or its agent sold the Policy, insuring the Property owned by Plaintiff.

10. On or about May 28, 2020, the Property sustained extensive damage resulting from a severe storm that passed through the Beeville, Texas area.

11. In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to Defendant against the Policy for damage to the Property. Mt. Hawley assigned claim number 00484871 to Plaintiff's claim.

12. Plaintiff asked Mt. Hawley to cover the cost of damage to the Property pursuant to the Policy and made a timely claim on its Policy.

13. Damaged areas of the property include, but are not limited to the roof, HVAC, signage, stairways, hallways, ice rooms, laundry and mechanical rooms, lobby, various rooms with bathrooms, bathrooms, fencing, ceilings, walls and other general conditions.

14. After application of the Policy deductible, Plaintiff was left without adequate recovery to complete proper repairs on the Property.

15. To date, Plaintiff has received minimal amounts for damage to Plaintiff's Property. The damage to Plaintiff Property is currently estimated at over $1 million and is anticipated to increase.

16. Plaintiff sent a letter complying with the Texas Insurance Code on April 11, 2022, and not until March 17, 2023, did the Defendant communicate that any future settlements or

payments would be forthcoming for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

17. As stated above, Defendant initially failed and continues to fail to assess the Plaintiff's claim thoroughly and accurately. Based upon Defendant's grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, Mt. Hawley failed to provide full coverage due under the Policy.

18. As a result of Mt. Hawley's failure to provide full coverage, along with Mt. Hawley's delay tactics to avoid reasonable payment to Plaintiff, Plaintiff has suffered damages.

19. Mt. Hawley failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, Mt. Hawley refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiff.

20. Defendant's employees, agents and representatives' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of statutory duties constitutes the foundation of a breach of the insurance contract between Mt. Hawley and Plaintiff.

21. Defendant's employees, agents and representatives' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendant has not attempted to settle Plaintiff's claim in a fair manner, even though Defendant was aware of their liability to Plaintiff under the Policy. Specifically, Defendant has failed to timely pay Plaintiff coverage due under the Policy.

22. Defendant's employees, agents and representatives' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE

§541.060(a)(2)(A). Defendant failed to provide Plaintiff a reasonable explanation for not making the full payment under the terms of the Policy.

23. Defendant's employees, agents and representatives' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendant refused to provide full coverage due to Plaintiff under the terms of the Policy. Specifically, Mt. Hawley through its agents, servants, and representatives, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

24. Defendant's employees, agents and representatives' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendant failed to reasonably accept or deny Plaintiff's full claim within the statutorily mandated time after receiving all necessary information.

25. Defendant's employees, agents and representatives' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Defendant failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Defendant has delayed payment of Plaintiff's claim longer than allowed, and Plaintiff has not received full payment for the claim.

26. Defendant's wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

27. The damage described herein was directly caused by sudden and accidental direct physical loss or damage to covered property, a covered peril under Plaintiff's policy. In filing the claim, Plaintiff expected Defendant to conduct a prompt and thorough loss investigation;

however, Defendant failed to adequately inspect the property for all loss-related damages and the causes thereof.

28. Because of the improper and outcome-oriented investigation, the handling of Plaintiff's claim has been delayed and improperly denied, portions of which remain wholly unaddressed to this very day, all of which have resulted in Defendant's failure to make a full, complete, and timely claim payment.

## CAUSES OF ACTION AGAINST INSURANCE COMPANY MTHIC

### A.   BREACH OF CONTRACT

29. All facts and allegations above and below are incorporated herein.

30. Mt. Hawley Insurance Company is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing. It follows then that the breach of statutory duties constitutes the foundation of an intentional breach of the insurance contract between Mt. Hawley Insurance Company and Plaintiff.

31. Mt. Hawley Insurance Company's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

32. Mt. Hawley Insurance Company's conduct constitutes a breach of the insurance contract between it and Plaintiff.  Mt. Hawley Insurance Company's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### B.    NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

### 1.    UNFAIR SETTLEMENT PRACTICES

33. All facts and allegations above and below are incorporated herein.

34. Mt. Hawley Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

35. Mt. Hawley Insurance Company's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

36. Mt. Hawley Insurance Company's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(2)(A).

37. Mt. Hawley Insurance Company's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

38. Mt. Hawley Insurance Company's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

39. Mt. Hawley Insurance Company's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(7).

### 2. THE PROMPT PAYMENT OF CLAIMS

40. All facts and allegations above and below are incorporated herein.

41. Mt. Hawley Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable by TEX. INS. CODE §542.060.

42. Mt. Hawley Insurance Company's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

43. Mt. Hawley Insurance Company's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, for a period of time longer than provided, as described above, constitutes a non-prompt payment of the claim.   TEX. INS. CODE §542.058.

### C. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

44. All facts and allegations above and below are incorporated herein.

45. Mt. Hawley Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

46. Mt. Hawley Insurance Company's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

**D. DTPA VIOLATIONS**

50. All facts and allegations above and below are incorporated herein.

51. Mt. Hawley Insurance Company's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41-63. Plaintiff is a consumer of goods and services provided by Mt. Hawley Insurance Company pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Mt. Hawley Insurance Company. Specifically, Mt. Hawley Insurance Company's violations of the DTPA include, without limitation, the following matters:

52. By its acts, omissions, failures, and conduct, Mt. Hawley Insurance Company has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Mt. Hawley Insurance Company's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

53. Mt. Hawley Insurance Company represented to Plaintiff that the Policy and Mt. Hawley Insurance Company's adjusting, and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

54. Mt. Hawley Insurance Company also represented to Plaintiff that the Policy and Mt. Hawley Insurance Company's adjusting services and agents were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

55. Furthermore, Mt. Hawley Insurance Company advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

56. Mt. Hawley Insurance Company breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

57. Mt. Hawley Insurance Company's actions are unconscionable in that Mt. Hawley Insurance Company took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.  Mt. Hawley Insurance Company's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA.

58. Mt. Hawley Insurance Company's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

59. Each of the above-described acts, omissions, and failures of Mt. Hawley Insurance Company is a producing cause of Plaintiff's damages. All the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act

## CLAIMS AGAINST DEFENDANT

60. All facts and allegations above and below are incorporated herein for each Defendant.

    **A.    NEGLIGENCE**

61. Defendant's employees, agents and representatives' were negligent in their actions with regard to the adjusting of Plaintiff's claim and violated the standard of care for an

insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

    a. Failure to conduct a reasonable inspection;

    b. Failure to include covered damage that would be discovered as a result of reasonable inspection;

    c. Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

    d. Failure to identify the cost of proper repairs to Plaintiff's Property; and

    e. Failure to communicate to Plaintiff the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiff's Property.

62. Defendant's acts and/or omissions constitute negligence. Their conduct was therefore a proximate cause of the damage sustained by Plaintiff.

63. At all relevant times, Clay Hepburn and Tony Avila were agents or employees of Defendant MTHIC, or were acting individually in their capacity as adjusters.

64. Plaintiff alleges the Defendant made specific misrepresentations in violation of the Texas Insurance Code §541.002, §541.060, §541.061, and §541.003 to include, but not limited to, misrepresenting the scope of damages caused by the covered wind/hail peril and subsequent claim. Said Adjusters, as independent actors and/or agents of MTHIC, also misrepresented the true cost of repairing all of the damages caused by the storm and resulting in and/or subsequent claims made by the Plaintiff. Consequently, Defendant MTHIC significantly underpaid the claims to the detriment of the Plaintiff. Defendant acted with actual awareness and/or omission that they were misrepresenting the true scope and cost of repair in the estimate that each prepared and/or reviewed.

65. The Defendant Adjusters meet the definition of "person" under §541.002, and therefore liable under §541.003 et seq. of the Texas Insurance Code.

11

66. The Defendant misled Plaintiff. The acts and omissions of the Defendant violate §541 and §542 of the Texas Insurance Code, for which Plaintiff seeks damages. Further, the above-named Adjusters in this litigation committed various acts and omissions violative of the Texas Insurance Code to include performing an incomplete visual inspection of the Property and failing to inspect all affected areas; said named Adjusters undervalued damages, failed to allow for adequate funds to cover the costs of repairs and set out to deny properly covered damages. These actions on the part of the Defendant resulted in underpayment to the Plaintiff, as well as a delay in Plaintiff's ability to fully repair the insured home.

67. The Defendant conducted an outcome-oriented investigation designed to minimize the Plaintiff's claim and failed to promptly provide the Plaintiff with a reasonable explanation of the basis of the Policy in relation to the facts or applicable law, for the claim decision. The Defendant's actions constitute an unfair method of competition and an unfair or deceptive act in the business of insurance.

68. Specifically, when Hepburn inspected the Plaintiff's Property, he estimated the total damages to be **$5,948.61.** Hepburn limited his scope of damages to include only a portion and not the entire Property.

69. Hepburn's estimate was completed on June 17, 2020, however Defendant MHIC didn't issue payment until December 21, 2020.

70. Although Hepburn was aware of additional areas of damage to the Property, Hepburn chose to disregard the potential for water damage in areas not easily seen during his inspection.

71. Hepburn's blatant disregard and deliberate ignoring of potential damages caused additional and future damages of untold amounts.

72. Additionally, when Brian Fahey inspected the Plaintiff's Property, he estimated the total damages to be **$40,169.97**, information that Hepburn's initial estimate omitted.

73. Moreover, Fahey inspected the Property on July 11, 2022, yet the estimate was not completed and/or submitted to MHIC until December 23, 2022.

74. Once again, subsequent to Fahey's inspection there was a significant delay in payment on behalf of Defendant MHIC. Approximately 8 months after Fahey's inspection, a supplemental payment in the amount of $15,785.67 was issued to the Plaintiff on March 28, 2023, by MHIC.

75. Again, the Defendant's representatives and agents disregarded damages exposed by the Plaintiff and allowed the Property to remain in its damaged state, causing additional and significant damages to the Plaintiff.

76. Because of the improper and outcome-oriented investigation by the Defendant's Adjusters, the handling of Plaintiff's claim has been delayed and improperly denied, portions of which remain wholly unaddressed to this very day, all of which have resulted in Defendant's failure to make a full, complete, and timely claim payment.

### B.   BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

77. All facts and allegations above and below are incorporated herein.

78. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

79. Furthermore, Defendant did not attempt in good faith to initiate a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

80. Defendant's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable

law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

81. Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### C. FRAUD

82. All facts and allegations above and below are incorporated herein.

83. Defendant hired its employees and/or agents to adjust and handle the Claim.

84. Defendant had a vested interest in undervaluing the claim assigned to them by Mt. Hawley Insurance Company in order to maintain their employment. The disparity in the number of damaged items in their report compared to that of Plaintiff's Third-Party Adjuster's is evidence of fraud on the part of the Defendant. The valuation of damages that were included in Defendant's report compared to Plaintiff's Third-Party adjuster's is also evidence of fraud on the part of the Defendant.

85. Furthermore, Defendant was aware of Plaintiff's deductible before even visiting the Property to conduct the inspection. Defendant had advanced knowledge of what amount of damages they needed to find in order to either deny the claim or find the claim below the deductible.

86. Defendant made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's Property.

87. Defendant made further misrepresentations to Plaintiff during the inspections. Defendant used their expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the Policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

88. Each of the acts described above, together, and singularly, was done "knowingly" by Defendant as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

89. Plaintiff would show that all the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

90. As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

91. For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

92. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

93. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

94. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

95. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

96. In addition, as to any exclusion, condition, or defense pled by Defendant, Plaintiff would show that the clear and unambiguous language of the Policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of assessing and to repair the damages.

97. In the alternative, any other construction of the language of the policy is void as against public policy.

98. Any other construction and its use by the Defendant violates the Texas Insurance Code section 541 et. seq. and is void as against public policy.

99. Any other construction violates Art. 17.50 of the Texas Business and Commerce Code and is unconscionable and is void as against public policy and was procured by fraudulent inducement.

100. Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

101. In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff.

102. In the alternative, Defendant is judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue.

103. In the alternative, to the extent that the wording of such policy does not reflect the true intent of the Plaintiff thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## ATTORNEY FEES

104. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeals.

105. Plaintiff is entitled to reasonable and necessary attorneys' fees pursuant to TEX. 8 CIV. PRAC. & REM. CODE §§ 38.001-38.003 because she is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

106. Plaintiff further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting this causes of action through trial and any appeal pursuant to Sections 541.152 & 542.060 of the Texas Insurance Code. The damage described herein was directly caused by sudden and accidental direct physical loss or damage to covered Property, a covered peril under Plaintiff's Policy. In filing the claim, Plaintiff expected Defendant to conduct a prompt and thorough loss investigation; however, Defendant

failed to adequately inspect the Property for all loss-related damages and the causes thereof.

107. All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Defendant.

## JURY DEMAND

Plaintiff asserts its right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216. Plaintiff tenders the fee of $40.00, as required by Texas Government Code Section 51.604.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, both as to actual damages, consequential damages, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, pre-judgement and post-judgment interest as allowed by law, and any other and further relief, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

*/s/ Kevin S. Baker*
KEVIN S. BAKER
State Bar No.: 00797799
kevin@ksbakerlaw.com

*/s/ Kristen Barnebey*
KRISTEN BARNEBEY
State Bar No.: 00795863
kristen@ksbakerlaw.com
**BAKER LAW**
401 S. Austin Street
Rockport, TX 78382
Phone: (361) 355-8855
Fax: (361) 360-3848
**ATTORNEYS FOR PLAINTIFF KEVAL HOTEL, LP**